**Gary Randal SHELBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–92–02234–CR, 05–92–02235–CR.**

Court of Appeals of Texas,
Dallas.

July 8, 1994.

Ross Teter, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before BAKER, OVARD, and MALONEY, JJ.

**OPINION**

MALONEY, Justice.

The trial court found appellant guilty of two burglaries of a vehicle. The trial court assessed a ten year sentence and a $257.50 fine in one and a ten year sentence and a $300 fine in the other.

Appellant's attorney filed briefs in which he concludes that the appeals are wholly frivolous and without merit. The briefs meet the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We dismiss these appeals for lack of jurisdiction to review any nonjurisdictional defects or errors.

In each of the causes, appellant and the State entered into a plea bargain agreement. Appellant agreed to enter a plea of guilty in exchange for the State's recommending the trial court assess a four year unadjudicated probation. The trial court followed the plea bargain agreements.

Subsequently, the State filed motions to proceed with adjudication of guilt. Appellant and the State again entered into plea bargain agreements. Appellant agreed to enter a plea of true in exchange for the State's recommending the trial court assess a ten year sentence in each cause. The trial court referred both causes to the magistrate. The magistrate filed findings, conclusions, and recommendations. The trial court adopted the magistrate's findings, found appellant guilty in each cause, and assessed punishment in accordance with the plea bargain agreements.

*Anders* requires the appellate court to review the record. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. State law determines whether we dismiss or review on the merits. *Id.*

The appellate rules require that:

[I]f the judgment was rendered upon [defendant's] plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b)(1). Appellant must comply with Rule 40(b)(1). *Jones v. State,* 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990). A general notice of appeal under rule 40(b)(1) does not confer jurisdiction on a court of appeals to review nonjurisdictional defects or errors that occur before or after the entry of a negotiated plea. *See Lyon v. State,* 872 S.W.2d 732, 735–36 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994).

Appellant filed a general notice of appeal. The notice does not state that the trial court granted appellant permission to appeal. Nor does it state that the appeal involves a matter raised by written motion and ruled on before trial.

*Davis* and *Lyon* limit our review to jurisdictional defects. We have reviewed the record. We find no jurisdictional flaws.

Appellant's failure to follow the appellate rules defeats this Court's jurisdiction to review any nonjurisdictional defects or errors. We dismiss these appeals for lack of jurisdiction to review any nonjurisdictional defect or error.