Patrick Leondos WALLER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–93–00332–CR to 05–93–00335–CR.

Court of Appeals of Texas, Dallas.

July 15, 1996.

Fred L. Tinsley, Dallas, for Appellant.

Donald G. Davis, Assistant District Attorney, Dallas, for Appellee.

Before KINKEADE, MALONEY and STEWART[1], JJ.

## OPINION

MALONEY, Justice.

The jury convicted Patrick Leondos Waller of aggravated robbery in cause number F92–40874–LI and assessed a life sentence. The trial court convicted appellant of two aggravated kidnappings in cause numbers F92–02560–JI and F92–04627–NI and possession of cocaine in cause number F90–56056–UI. In cause number F90–56056–UI, the trial court sentenced appellant to twenty years. In cause numbers F92–02560–JI and F92–04627–NI, the trial court sentenced appellant to thirty years. In each cause, appellant raises one point of error—the trial court abused its discretion by not holding a hearing on his motion and amended motion for new trial. We affirm the trial court's judgment in cause number F92–40874–LI. We dismiss cause numbers F90–56056–UI and F92–02560–JI. We dismiss and remand cause number F92–04627–NI.

## BACKGROUND

Appellant pleaded not guilty to the aggravated robbery charge and was tried by a jury. After the jury found appellant guilty and retired to determine punishment, the trial court began its hearing on the State's motion to adjudicate appellant's guilt in cause number F90–56056–UI (possession of cocaine).

At the plea hearing in cause number F90–56056–UI, appellant and the State had entered into a plea bargain agreement. The State had agreed in exchange for appellant's plea of guilty that it would recommend the trial court defer finding appellant guilty and place appellant on probation for eight years. The trial court accepted appellant's plea, deferred finding appellant guilty, and placed appellant on probation for eight years. Later, the State moved to adjudicate appellant's guilt. Appellant pleaded true to the allegations in the State's motion to adjudicate. The trial court found appellant guilty and sentenced him to twenty years and a $1200 fine.

When the jury returned a verdict of life confinement in cause number F92–40874–LI (aggravated robbery), appellant and the State entered into plea bargain agreements in cause numbers F92–02560–LI and F92–04627–NI (aggravated kidnapping). The State agreed in exchange for appellant's plea of guilty that it would recommend the trial court assess a thirty year sentence in each case. The trial court accepted appellant's pleas of guilty, found him guilty, and sentenced him to thirty years for each aggravated kidnapping.

## JURISDICTION

Appellant argues the trial court abused its discretion in not conducting a hearing on his motions and amended motions for new trial. Appellant's guilty pleas to both the aggravated kidnappings (F92–02560–JI, F92–04627–NI) and the possession of cocaine (F90–56056–UI) were made *with* benefit of plea bargain agreements. In each case, the trial court assessed punishment in accordance with the plea bargain agreements. Consequently, we must consider the jurisdiction of this Court to consider the appeals of cause numbers F92–02560–JI, F92–04627–NI and F90–56056–UI.

### 1. Applicable Law

▇▇▇ If the trial court renders judgment on a defendant's plea of guilty, and:

---

1. The Honorable Annette Stewart, Justice, Court of Appeals, Fifth District of Texas at Dallas, Re-

tired, sitting by assignment.

the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP. P. 40(b)(1). A defendant's notice of appeal must comply with rule 40(b)(1) to give this Court jurisdiction to address nonjurisdictional errors. *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Shelby v. State,* 887 S.W.2d 77, 78 (Tex.App.—Dallas 1994, no pet.). An appellant's notice of appeal must state either that the trial court granted permission to appeal or that the trial court denied appellant's written pretrial motion. TEX.R.APP. P. 40(b)(1). The court of criminal appeals has recently expanded the rule of *Lyon* and *Davis.* If a defendant enters a plea of guilty and the trial court assesses deferred adjudication in accordance with a plea bargain agreement, rule 40(b)(1) applies to a subsequent adjudication. This is true even if appellant's subsequent plea of true at adjudication is made without benefit of a plea bargain agreement. *See Watson v. State,* 924 S.W.2d 711, 713–15 (Tex.Crim.App. 1996); *See also* TEX.CODE CRIM. PROC. ANN. art. 42.12(5)(b) (Vernon Supp.1996).

Appeal is perfected in a criminal case thirty days after the date sentence is imposed or suspended in open court or, if a timely motion for new trial is filed, within ninety days of the date sentence is imposed or suspended in open court. TEX.R.APP. P. 41(b)(1). The rules of appellate procedure governs the effect of an order granting a motion for new trial. TEX.R.APP. P. 32; *State v. Bates,* 889 S.W.2d 306, 310 (Tex.Crim.App. 1994). Granting a motion for a new trial restores a criminal case to its position before the former trial. TEX.R.APP. P. 32; *Bates,* 889 S.W.2d at 311.

### 2. Application of Law to Facts

Appellant's motions for new trial show the trial court denied appellant's motions in causes F92–02560–JI (aggravated kidnapping) and F90–56056–UI (possession of cocaine) and *granted* appellant's motion in cause F92–04627–NI (aggravated kidnapping). Nothing in the record indicates when the trial court so ruled. Appellant's amended motions for new trial in each of these causes show the trial court set the amended motions for hearing on May 3, 1993. Nothing in the record indicates when the trial court set the hearings or that these hearings occurred. The court reporters certified that the statement of facts was a complete, true, and accurate record of the proceedings in each cause.

### a. Cause Numbers F92–02560– JI and F90–56056–UI

Appellant's motions for new trial in causes number F92–02560–JI and F90–56056–UI alleged only that the "verdict was contrary to the law and the evidence." These motions raised no jurisdictional defects. Appellant's amended motions for new trial alleged only ineffective assistance of counsel. Ineffective assistance of counsel is a nonjurisdictional defect. *Lyon,* 872 S.W.2d at 736; *Santos v. State,* 877 S.W.2d 15, 17 (Tex.App.—Dallas 1994, no pet.). Appellant's notices of appeal did not state that the trial court granted permission to appeal. Nor do his notices reflect any overruled, written pretrial motions. Therefore, this Court has no jurisdiction to consider appellant's appeal of his conviction in cause numbers his F92–02560–JI and F90–56056–UI. We dismiss the appeal in cause numbers F'92–02560–JI and F90–56056–UI for want of jurisdiction.

### b. Cause Number F92–04627–NI

The trial court *granted* appellant's motion for a new trial in cause F92–04627–NI (aggravated kidnapping). However, the record does not indicate the trial court ever scheduled a new trial date.

Granting a motion for a new trial restores a criminal case to its position before the former trial. Because there is no sentence to

be appealed, we have no jurisdiction to consider appellant's appeal of this cause. We dismiss the appeal of cause number F92–04627–NI and remand it to the trial court for a new trial.

## MOTION FOR NEW TRIAL

In his appeal of cause number F92–40874–LI (aggravated robbery), appellant argues the trial court abused its discretion by not holding a hearing on his motion and amended motion for new trial.

### 1. Standard of Review

It is within the trial court's sound discretion to grant or deny a motion for new trial. We do not disturb the trial court's decision unless it abused its discretion. *Appleman v. State*, 531 S.W.2d 806, 810 (Tex.Crim.App.1976) (op. on reh'g); *State v. Gonzalez*, 820 S.W.2d 9, 11–12 (Tex.App.—Dallas 1991), *aff'd*, 855 S.W.2d 692 (Tex.Crim.App. 1993). This rule also applies when the trial court denies the motion without an evidentiary hearing. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985); *Owens v. State*, 832 S.W.2d 109, 111 (Tex.App.—Dallas 1992, no pet.). The trial court abuses its discretion when it denies, without conducting a hearing, a motion for new trial that raises matters outside the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *Kiser v. State*, 788 S.W.2d 909, 914 (Tex. App.—Dallas 1990, pet. ref'd). The trial court need not set a hearing if the motion for new trial raises matters which can be determined from the record. *See Kiser*, 788 S.W.2d at 914.

### 2. Applicable Law

A defendant may file a motion for new trial within thirty days after sentencing. Tex.R.App. P. 31(a). A defendant may amend his motion for new trial without leave of court within thirty days after sentencing. Tex.R.App. P. 31(a)(2). A defendant must timely file his verified motion for new trial. *Kiser*, 788 S.W.2d at 914. An untimely amended motion for new trial is a nullity. *Id.* A denial of a hearing on an untimely amended motion for new trial is not error. *Id.*

The right to a hearing on a motion for new trial is not absolute. *Reyes*, 849 S.W.2d at 815. A defendant must present his motion, or an amended motion, for new trial to the court within ten days after its filing, unless the trial court, in its discretion, permits it to be presented and heard within seventy-five days of the date of sentencing. Tex.R.App. P. 31(c)(1). An allegation of ineffective assistance of counsel may raise matters that the trial court cannot determine from the record. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *see Reyes*, 849 S.W.2d at 816 (holding that trial court could not determine from record that trial counsel was ineffective for not informing defendant of a plea bargain offer). *But see Hubbard v. State*, 912 S.W.2d 842 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (holding that trial court could determine from record if trial counsel had adequate time to locate and interview all of appellant's witnesses).

### 3. Application of Law to Facts

The trial court sentenced appellant on December 9, 1992. Appellant timely filed his motion for new trial on January 7, 1993. The motion alleged that the "verdict was contrary to the law and the evidence." A "verdict" that is contrary to "the law and the evidence" raises issues that the trial court can determine from the record. The trial court did not abuse its discretion by overruling appellant's motion for new trial without first conducting a hearing.

Appellant next filed his amended motion on January 15, 1993, alleging that the verdict was contrary to the law and the evidence because appellant's trial attorney failed to provide effective assistance of counsel. Specifically, he asserted that his trial counsel's assistance was ineffective because the attorney:

1. did not investigate the offenses charged;

2. did not challenge for cause prospective jurors who were biased against appellant;

3. induced appellant to plead guilty to aggravated kidnapping and true to the

allegations of probation violations in the possession of cocaine;

4. caused appellant's pleas to be involuntary by providing ineffective assistance; and

5. did not properly object to inadmissible evidence and failed to properly cross-examine witnesses.

Appellant filed his amended motion for new trial thirty-seven days after sentencing. Nothing in the record indicates that the trial court granted appellant leave to file an out-of-time amended motion for new trial. The amended motion was untimely and was, therefore, a nullity. The trial court could not abuse its discretion in failing to hold a hearing on appellant's untimely amended motion for new trial. We overrule appellant's sole point of error.

We affirm the trial court's judgment in cause number F92–40874–LI, dismiss the appeal of cause numbers F90–56056–UI and F92–02560–JI, and dismiss and remand cause number F92–04627–NI for further proceedings.