

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RALPH MURRILLO, JR., Appellant

No. 05-98-01575-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F95-26584-LI).

Opinion delivered by Chief Justice Thomas, Justices Kinkeade and O'Neill participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered September 16, 1999.

LINDA THOMAS
CHIEF JUSTICE



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-98-01575-CR

### RALPH MURRILLO, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F95-26584-LI

## OPINION

Before Chief Justice Thomas and Justices Kinkeade and O'Neill
Opinion By Chief Justice Thomas

Ralph Murrillo, Jr. was convicted by a jury of burglary of a habitation on November 12, 1996. During the trial proceedings, appellant absconded. Therefore, sentence was not imposed in open court until September 9, 1998, after appellant was recaptured. Appellant filed a motion for new trial and a notice of appeal. The trial court granted the motion for new trial.[1] The Court now

---

[1] The motion for new trial is a preprinted form which states:

> Now comes the Defendant in the above cause and by his Attorney, and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.
>
> WHEREFORE, Defendant prays the Court grant a new trial herein.

The trial court circled "granted" and crossed out "overruled."

has before it appellant's May 12, 1999 motion to dismiss the appeal, in which he asserts that because the motion for new trial was granted, there is no judgment or sentence to appeal. The State did not respond to the motion. For the following reason, we conclude we have no jurisdiction over the appeal.

If a trial court grants a motion for new trial, it restores the case to its position before the former trial. *See* TEX. R. APP. P. 21.9. Because there is no sentence to be appealed, we have no jurisdiction to consider appellant's appeal in this case. *See Waller v. State*, 931 S.W.2d 640, 643-44 (Tex. App.—Dallas 1996, no pet.). Accordingly, we grant appellant's motion and dismiss the appeal for want of jurisdiction.[2]

LINDA THOMAS
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47

---

[2] Appellant also asks that we direct the trial court to enter a judgment of acquittal because the only ground moved upon for new trial challenged the sufficiency of the evidence. Because we have no jurisdiction over the appeal, we make no order regarding the disposition of the case upon issuance of the opinion.