NO. 07-01-0464-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 12, 2002


______________________________



MICHAEL LEE MARTIN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 12,875-B; HON. JOHN BOARD, PRESIDING


_______________________________



Before Boyd, C.J., Quinn and Reavis, J.J.

 Michael Lee Martin appealed his conviction for indecency with a child. Prior thereto
and within the time allotted for doing so, he also moved for a new trial. Furthermore, within
75 days of the day sentence was imposed, the trial court granted same. This resulted in
the cause being restored to its position before former trial, Tex. R. App. P. 21.9, and, we
have no jurisdiction over the appeal. Waller v. State, 931 S.W.2d 640, 643-44 (Tex.
App.-Dallas 1996, no writ). 


 Consequently, the appeal is dismissed for want of jurisdiction.


 Brian Quinn

 Justice


Do not publish.



an be via either allegations contained in an independent document or via allegations
incorporated into a motion for new trial. And, while the statute refers to a "statement of
points" we must be cautious against reading the provision too narrowly. Indeed, authority
impedes our ability to dismiss appeals simply for harmless procedural defects. Verburgt
v. Dorner, 969 S.W.2d 615, 616-17 (Tex. 1997). Instead, we are to liberally, yet
reasonably, construe procedural rules "so that the right to appeal is not lost by imposing
requirements not absolutely necessary to effect the purpose of the rule." Id. This would
seem an appropriate admonishment to heed here given the gravity of the interests involved
(i.e. the termination of the constitutionally protected relationship between parent and child)
and the presumption that the legislature intended the statute to be just and reasonable. 
Tex. Gov't Code Ann. §311.021(3) (Vernon 2005). 

 Additionally, the record before us reveals that Daugherty moved for a new trial after
issuance of the termination order. In it she alleged, among other things, that the new trial
was warranted because the "involuntary termination statute was not strictly construed in
favor of the parent" as supposedly required. Because it was not, she continued, she
suffered harm under Texas Rule of Appellate Procedure 44.1(a)(1). We acknowledge that
those allegations were not listed under a heading titled "statement of points on appeal." 
Yet, it cannot be forgotten that the substance of a pleading or writing controls over the title
or label appended to it. Rush v. Barrios, 56 S.W.3d 88, 93 (Tex. App.-Houston [14th Dist.]
2001, pet. denied). Moreover, the allegations were in a motion for new trial, which is one
of the ways in which an appellant could comply with §263.405(i). And, they also informed
the trial court of what Daugherty perceived to be the specific error which demanded
redress. Consequently, we cannot say that she failed to either abide by the intent or letter
of §263.405(i) or preserve at least one issue for review.

 The motion to dismiss is denied.

 

 Brian Quinn

 Chief Justice