NO. 07-02-0340-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 26, 2002


______________________________



JUDI LYNN LEDFORD
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,613-A; HON. RICHARD DAMBOLD, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Judi Lynn Ledford appealed, pro se, her conviction for possession of a controlled
substance. However, subsequent thereto, and within the time allotted for doing so,
appellant also moved for a new trial through her attorney. Within 75 days of the day
sentence was imposed, the trial court granted the motion. This resulted in the case being
restored to its position before trial, Tex. R. App. P. 21.9, and, we have no jurisdiction over
the appeal. Waller v. State, 931 S.W.2d 640, 643-44 (Tex. App.-Dallas 1996, no writ). 
The State also moved to dismiss in the trial court on the basis the case had been re-filed
under a different cause number. That motion was granted by the trial court on September
13, 2002. 

 Consequently, the appeal is dismissed for want of jurisdiction. 

 

 Per Curiam

Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



 25.1. See also
Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Furthermore, this Court is obligated
to determine, sua sponte, its jurisdiction to hear an appeal. Welch v. McDougal, 876
S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied). See also New York Underwriters
Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990).

 Rule 26.1 of the Texas Rules of Appellate Procedure mandates that a notice of
appeal must be filed within 30 days after the judgment is signed, except where the
appealing party has timely filed a (1) motion for new trial; (2) motion to modify the
judgment; (3) motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) request
for findings of fact and conclusions of law under certain conditions. Because the notice of
appeal in this case was not filed within 30 days of the order being appealed it would not
be timely unless Appellant's "motion to vacate" operates to extend the time to file said
notice under Rule 26.1. Inasmuch as Appellant's motion to vacate maintains that the
judgment of the trial court was void because it granted relief on a cause of action Appellant
claims was previously severed into a separate cause of action, it is uncertain whether Rule
26.1 operates to extend the filing deadline. Therefore, this Court vacates oral submissions
scheduled for April 3, 2007, and orders that, on or before April 24, 2007, Appellant file a
response reasonably explaining why his appeal should not be dismissed for want of
jurisdiction for failure to timely file a notice of appeal. See Tex. R. App. P. 42.3(a). 
Appellee shall have ten (10) days to respond to any explanation filed by Appellant.

Interlocutory Appeal


 In addition to the question presented above, nothing in the record indicates the
disposition of the claims against Ricky Roden, Gary Roden, and Larry Roden, collectively
and d/b/a Top O' Texas Dairy, a partnership ("Roden Defendants") and, Richard C.
DeVuyst and Linda DeVuyst, d/b/a DeVuyst Dairy ("DeVuyst Defendants"), as presented
in Plaintiff's Third Amended Original Petition. When there has not been a conventional
trial on the merits, an order or judgment is not final for purposes of appeal unless it actually
disposes of every pending claim and party or unless it clearly and unequivocally states that
it finally disposes of all claims and parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
205 (Tex. 2001). Therefore, under Lehmann, the order of the trial court signed August 10,
2005, is interlocutory and not subject to appeal unless Appellant can supplement the
record to reflect disposition of the claims against the foregoing defendants. Accordingly,
this Court orders that Appellant supplement the record on or before April 24, 2007. Failure
to do so will result in the dismissal of this appeal for want of jurisdiction. See Tex. R. App.
P. 42.3(a).

Motion To Substitute Party and To Reconsider Motion to Dismiss


 Pending before this Court is the Motion To Substitute Party and To Reconsider
Motion to Dismiss filed in this cause by Jerry G. Davis on March 29, 2007. Because the
certificate of conference reflects that this motion is opposed, and because the time for
determining that motion has not elapsed, (1) this Court reserves ruling on that motion until the
jurisdictional issues have been resolved.

 It is so ordered.

 Per Curiam
1. Rule 10.3(a), Tex. R. App. P.