NO. 07-04-0275-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 7, 2004



______________________________




SADIE RAYNE WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 105,893; HONORABLE PAMELA COOK SIRMON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 After appellant Sadie Rayne Williams filed a notice of appeal challenging her
conviction, on June 2, 2004, the trial court signed an order granting her motion for new trial. 
Pending before this Court is appellant's motion to dismiss her appeal which is accompanied
by a certified copy of the trial court's order. We grant the motion.

 The granting of a motion for new trial in a criminal case is governed by Rule 21.9 of
the Texas Rules of Appellate Procedure. The legal effect of granting the motion restores
the case to its position before the former trial. See State v. Bates, 889 S.W.2d 306, 310
(Tex.Cr.App. 1994); see also Waller v. State 931 S.W.2d 640, 643 (Tex.App.-Dallas 1996,
no pet.).

 Accordingly, the appeal is dismissed and the Clerk of this Court is directed to issue
mandate.

 Don H. Reavis

 Justice



Do not publish. 



xtension, as required by Rule of Appellate
Procedure 10.5(b), and was deficient in other respects. The Court directed counsel to re-submit the motion. Counsel's re-submitted motion represented that counsel did not
anticipate further requests for an extension, but still did not state the facts relied on to explain
the need for an extension. Noting that deficiency, the Court denied the motion, but extended
the due date to December 8.

 Appellant filed a third motion for extension. This motion contained, as the facts
supporting the need for extension, the statement, "Due to excessive court appearances and
her schedule, Appellant's Attorney has not had sufficient time do [sic] research and write a
brief." The motion stated that one previous motion for extension had been granted, omitting
the facts that a second motion and a re-submitted second motion had been filed but denied. 
The motion repeated the representation that counsel did not anticipate further requests for
an extension. The motion requested an extension of the due date until January 7, 2007. 
The Court denied the requested extension and set the due date for the brief for December
22, 2006. This Court's December 8, 2006, letter setting the due date stated that additional
extensions would not be granted "absent extreme and unusual circumstances." It also stated
that failure to comply with the deadline could result in the appeal being abated and
remanded to the trial court. 

 On December 20, appellant filed a fourth motion for extension of time, requesting an
extension until January 9, 2007. As a statement of facts explaining the need, this motion
contains the same statement as the previous motion. Counsel gives no information that
permits the Court to conclude she is facing extreme or unusual circumstances. In fact, by
simply repeating the statement from her previous motion, counsel leaves the distinct
impression she simply is ignoring the clear language of the Court's December 8 letter. 
Appellant's motion for extension is denied.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing, at which appellant's present counsel
shall personally appear, to determine: 

 (1) whether appellant desires to prosecute this appeal;


 if appellant desires to prosecute this appeal, the reasons for appellant's
counsel's failure to comply with this Court's directives;



 if appellant desires to prosecute this appeal, whether appellant's present
counsel should be replaced; and
 what orders, if any, should be entered to assure that the appeal will be
diligently pursued if appellant desires to prosecute this appeal.



If the trial court determines that the present attorney for appellant should be replaced, the
court shall cause the clerk of this Court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed attorney. 

 In support of its determination, the trial court shall prepare and file written findings of
fact and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. Those supplemental records shall be submitted to the clerk of this Court no later
than January 25, 2007.

 Per Curiam

Do not publish.