NO. 07-04-0576-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 2, 2005



______________________________




RACHEL DIAZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,392-D; HONORABLE DON R. EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Rachel Diaz was convicted of aggravated robbery. Sentence was imposed
on November 1, 2004. Appellant filed a timely motion for new trial on November 30, 2004,
and a notice of appeal on December 10, 2004. See Tex. R. App. P. 21.4(a), 26.2(a). 
Appellant has filed a motion to dismiss the appeal asserting that the trial court granted her
motion for new trial on December 20, 2004. Attached to the motion to dismiss is a copy of
the trial court's order granting the motion for new trial. The State did not file a response.

 We cannot grant the motion to dismiss as one under Rule of Appellate Procedure
42.2(a) because it is not personally signed by appellant. We will, however, treat it as a
motion to dismiss the appeal for want of jurisdiction. 

 When the trial court grants a motion for new trial, it restores the case to its position
before the former trial. Tex. R. App. P. 21.9. Because there is no conviction to be appealed,
we have no jurisdiction to consider appellant's appeal. See Waller v. State, 931 S.W.2d
640, 643-44 (Tex.App.-Dallas 1996, no pet.).

 Accordingly, we dismiss the appeal for want of jurisdiction. 


 James T. Campbell

 Justice





Do not publish. 





07, section 3 of the Texas
Code of Criminal Procedure. At the conclusion of the testimony, the State offered three
exhibits which were admitted after the trial court granted defense counsel a running
objection based on her earlier objection. Defense counsel also informed the court that she
had "agreed to stipulate that Mr. Lynch was indeed the same Brian Lynch as contained
within the adjudication." The court accepted the stipulation subject to and without waiving
counsel's prior objection based on Rules 403 and 404. 


 Appellant first contends he was denied a fair and impartial trial because the trial
court permitted the State to introduce into evidence during the punishment hearing a
misdemeanor conviction without prior identification of the same. We disagree. In order to
preserve a complaint for appellate review, a timely and specific objection must be made
and followed by an adverse ruling. Tex. R. App. P. 33.1(a); Martinez v. State, 91 S.W.3d
331, 335-56 (Tex.Cr.App. 2002). Defense counsel stipulated to appellant's identity for prior
convictions and her objection to admission of the prior offenses was based on Rules 403
and 404 of the Texas Rules of Evidence. As the State points out, no mention of the exhibit
for the misdemeanor conviction was even mentioned during closing argument. Further,
as raised in appellant's second point of error, trial counsel failed to object to the introduction
of the misdemeanor conviction. Thus, appellant's first point contention is not preserved for
review.

 By his second point, appellant contends he was denied effective assistance of
counsel because trial counsel failed to make a timely objection to the introduction of a
misdemeanor conviction. We disagree.

 A claim of ineffective assistance of counsel during the punishment phase is reviewed
under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). (1) Under Strickland, a defendant must establish that (1) counsel's
performance was deficient (i.e., fell below an objective standard of reasonableness), and
(2) there is a reasonable probability that but for counsel's deficient performance, the result
of the proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110
(Tex.Cr.App. 2003); see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). 
In other words, appellant must demonstrate that the deficient performance prejudiced his
defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert.
denied, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). 

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App. 2002); see also Mallett v. State, 65 S.W.3d 59, 63
(Tex.Cr.App. 2001).

 Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be
sufficient to show that counsel's conduct was so deficient as to meet the first prong of the
Strickland standard as the reasonableness of counsel's choices often involves facts that
do not appear in the record. See Mitchell, 68 S.W.2d at 642. Instead, an application for
a post-conviction writ of habeas corpus is usually the appropriate manner in which to raise
and develop claims based on ineffective assistance of counsel. Id.

 Although a motion for new trial was filed, no hearing was held in which appellant
could have presented evidence as to why defense counsel did not object to the admission
of the misdemeanor conviction. The record neither demonstrates counsel's motive for not
objecting nor does it explain whether her silence was sound trial strategy. Thus, appellant
did not overcome the presumption that counsel's conduct fell within the wide range of
reasonable and professional representation. Moreover, the State was prepared to
introduce testimony to establish appellant's identity on the prior convictions. Point of error
two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).