NO. 07-07-0360-CR


NO. 07-07-0361-CR


NO. 07-07-0362-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 15, 2007



______________________________




BRODERICK EUGENE DAVIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NOS. 50781-D, 52425-D & 52253-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Broderick Eugene Davis, filed notices of appeal challenging convictions
for aggravated assault with a deadly weapon, robbery, and assault. By separate orders
signed September 27, 2007, the trial court granted Appellant's Motion for New Trial.

 When the trial court grants a motion for new trial, it restores the case to its position
before the former trial. Tex. R. App. P. 21.9(b). Because there is no conviction to be
appealed, we have no jurisdiction to consider these appeals. See Waller v. State, 931
S.W.2d 640, 643-44 (Tex.App.-Dallas 1996, no pet.).

 Consequently, the appeals are dismissed.

 Patrick A. Pirtle

 Justice



Do not publish.



tAlignInTxbx/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-0171-CR, 07-10-0172-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



MARCH
15, 2011

 



 

GREGORIO RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NOS. 2009-455,818, 2009-458,190, 2009-425,597,

 

2009-422,825;  HONORABLE CECIL
PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

ORDER ON ABATEMENT AND REMAND

 

            In these four cases, appellant Gregorio Rodriguez
appeals his convictions on his open pleas of guilty and resulting
sentences.  On our own motion, after
examining the records, we consider our jurisdiction.  See State v. Roberts, 940
S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds, State v.
Medrano, 67 S.W.3d 892, 901-03 (Tex.Crim.App.
2002) (appellate court may on its own motion address issue of its
jurisdiction). 

            The
reporters record says sentence in each case was imposed in open court on March
3, 2010.  Docket sheet entries in each
case appear to indicate sentencing occurred on March 8.  Our case numbers 07-10-0122-CR and
07-10-0123-CR were misdemeanor convictions. 
The written judgments in these cases state judgment entered and sentence
imposed on this 8th day of March, A.D. 2010. 
Our case numbers 07-10-0171-CR and 07-10-0172-CR were convictions for
state jail felonies.  The written
judgments in these cases state date judgment entered: 3-8-10 and date
sentence imposed/to commence March 8, 2010. 
Also in case numbers 07-10-0171-CR and 07-10-0172-CR a document entitled
waiver of constitutional rights, agreement to stipulate, and judicial
confession indicates it was sworn and subscribed by appellant before a
deputy district clerk on 3-8-10. 
Appellant filed a notice of appeal in each case on April 6, 2010.  

            Our
appellate jurisdiction is triggered through a timely notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App.1996).  In the
absence of a motion for new trial, Rule of Appellate Procedure 26.2(a)(1) requires a notice of appeal be filed within 30 days
after the day sentence is imposed in open court.  Tex. R. App. P. 26.2(a)(1).  The rules of appellate procedure provide for
an extension of time to file the notice of appeal if such notice is filed
within fifteen days after the last day allowed and within the same period a
motion is filed in the court of appeals reasonably explaining the need for such
extension.  Tex. R. App. P. 26.3.  Both the notice of appeal and the motion for
extension of time must be filed within the time provided by the rules.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998) (per curiam); Olivo, 918 S.W.2d at 522.  

Here, the clerks records do not
contain motions for new trial, nor did we receive a motion for additional time
to file a notice of appeal.  It is
therefore evident that establishing the correct date sentence was imposed in
open court is essential to determining our jurisdiction.

            Each
case is therefore abated and remanded to the trial court.  On proper notice, the trial court shall
convene an evidentiary hearing as soon as practicable to determine the
following:

(1)  the correct date on which sentence
was imposed in each case; and 

(2)  if that date was other than March 3,
2010, why the reporters record is incorrect.

Following the hearing, the trial
court shall prepare findings of fact and conclusions of law regarding all
matters it considered in conjunction with this order.  The hearing shall be transcribed and included
in a supplemental reporters record.  The
trial courts findings of fact and conclusions of law as well as any orders
made in compliance with this order shall be included in supplemental clerks
records, for each case.  The supplemental
reporters record, and supplemental clerks records prepared in each case,
shall be filed with the clerk of this court on or before April 4, 2011.  Should additional time be needed to perform
these tasks, the trial court may request same on or before April 4, 2011.

It is so ordered.

Per Curiam

Do not
publish.











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.