Opinion issued May 14, 2009

 



 

 












In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00831-CR

____________


JOSE MANUEL SALINAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 702071






MEMORANDUM OPINION

 On October 1, 1998, appellant Jose Manuel Salinas, was convicted by a jury
of the offense of capital murder committed in the course of an aggravated sexual
assault. The State did not seek the death penalty. Therefore, the trial court
automatically assessed appellant's punishment at confinement for life. Appellant
gave notice of appeal of his conviction, and the appeal was assigned to this Court as
appeals number 01-98-01242-CR. We affirmed the trial court's judgment. See
Salinas v. State, 2000 WL 567592, (Tex. App.-- Houston [1st Dist.], May 11, 2000)
(not designated for publication). The mandate issued on December 12, 2000.

 Subsequently, on August 17, 2006, appellant filed a second notice of appeal. 

The notice of appeal is styled "Notice of Appeal of DNA re-test results. We note that
the record contains no order ruling on a request for post-conviction DNA testing
accompanied by an affidavit pursuant to Chapter 64 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. Art. 64.01 (Vernon Supp. 2006). We granted appellant's counsel's motion to abate the appeal for findings of fact
and remanded the case to the trial court conducted a hearing to clarify the record. A
supplemental record containing the trial court's findings of fact and conclusions of
law has been filed with the Clerk of this Court and states in part:

 1. On May 11, 2000, the First Court of Appeals
affirmed appellant's conviction in cause number
702071. See Salinas v. State, 2000 WL 567592,
No.1-98-1242-CR (Tex. App.--Houston [1st Dist},
May 11, 2000)(not published).


 2. Subsequent to appellant's conviction, the Harris 
County District Attorney's Office voluntarily agreed
to the retesting of DNA evidence that had been
recovered in the case; that retesting has been
performed, and the results of the retesting have been
provided to appellant's counsel.


 3. No reporter's record was made concerning the post-conviction DNA testing.


 4. Appellant has never filed a motion for post-conviction DNA testing pursuant to Tex. Code 
Crim. Proc. Ann. Art. Ch.64.


 5. The voluntary post-conviction DNA testing was not
ordered pursuant to Tex. Code Crim. Proc. Ann.
Art. Ch.64., and this court has made no findings
pursuant to Articles 64.03 or 64.04.

 

 6. Because no motion for post-conviction DNA testing
was filed pursuant to Tex. Code Crim. Proc. Tex.
Code Crim. Proc. Ann. Art. Ch.64., nor was post-conviction DNA testing granted.64.

 

 After the trial court's findings of fact and conclusions of law were filed, he
State filed a motion to reinstate the appeal that request that this Court dismiss the
appeal for lack of jurisdiction. 

 In a criminal case, an appeal must be perfected either from a trial court's
judgment or an appealable order. See Tex. R. App. P. 25.2 (a)(2). In this case, the
State and the appellant entered into a voluntary agreement for DNA testing. The
record before this Court does not contain a written order denying a post-conviction
request for DNA testing or an oral pronouncement denying a request by appellant for
DNA testing pursuant to the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. Art. 64.05 (Vernon 2006). Also see, Ex parte Wright, 969 S.W.2d
792, 794 (Tex. Crim. App. 1991); Apolinar v. State, 820 S. W. 2d 792, 794 (Tex.
Crim. App. 1991).

 Because the procedures for post-conviction DNA testing pursuant to Chapter
64 of the Texas Code of Criminal Procedure were not used, we find that there is no
appealable order before this court. See Waller v. State, 931 S.W. 2d 640, 643-44
(Tex. App.--Dallas 1996, no pet.).

 Therefore, we grant the State's motion to reinstate the appeal, and we dismiss
the appeal for lack of jurisdiction.PER CURIAM


Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.


Do not publish. Tex. R. App. P. 47.2.(b).