NO. 07-11-00107-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
12, 2011

 



 

RODNEY W. ABLES, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2010-428,047; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Rodney W. Ables plead guilty to a charge of manufacturing
methamphetamine with intent to deliver in an amount more than four grams but
less than two hundred grams.[1]  According to a plea bargain agreement,
appellant was sentenced to ten years confinement in prison.[2]  Sentence was imposed on March 3, 2011, and
appellant’s conviction and sentence were memorialized in a written judgment
signed the same date.  Appellant filed a
motion for new trial and notice of appeal on March 7, 2011.  By order of March 31, 2011, the trial court
granted appellant’s motion for new trial. 
On May 9, we received a clerk’s record containing nothing more than the
order granting appellant’s motion for new trial.

If the trial court grants
a new trial, it restores the case to its position before the former trial.  Tex. R. App. P. 21.9(b).  The trial court’s March 31 order granting
appellant’s motion for new trial returned the case to a position where there
was no finding of guilt and the judgment of conviction was no longer in place.  

Because there
is no longer an adjudicated issue for appellate review before us, we have no
jurisdiction over the case except to dismiss the appeal. See Waller v. State, 931 S.W.2d 640,
643-44 (Tex.App.--Dallas 1996, no pet.).[3]

Consequently,
the appeal is dismissed for want of jurisdiction.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.











[1] See Tex.
Health & Safety Code Ann. § 481.112(d) (West 2010).  Methamphetamine is a Penalty Group 1
controlled substance.  Tex.
Health & Safety Code Ann. § 481.102(6) (West 2010).  

 





[2] The trial court’s certification of right of appeal
states the case is “a plea-bargain case, but matters were raised by written
motion filed and ruled on before trial and not withdrawn or waived, and the
Defendant has the right of appeal.”





[3] The trial court clerk has made us aware that on April
21, 2011, the trial court entered a second judgment on appellant’s plea of
guilty to the offense adjudged by the March 3 judgment.  Pursuant to a plea-bargain agreement, a sentence
of ten years confinement in prison was imposed on April 21.  Appellant’s March 7 notice of appeal cannot
function as a premature notice of appeal of the April 21 judgment because a
notice of appeal filed before the trial court makes a finding of guilt or
receives a jury verdict is not effective. 
Tex. R. App. P. 27.1.