NO. 07-11-00107-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 12, 2011

RODNEY W. ABLES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-428,047; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Rodney W. Ables plead guilty to a charge of manufacturing methamphetamine with intent to deliver in an amount more than four grams but less than two hundred grams.[1] According to a plea bargain agreement, appellant was sentenced to ten years confinement in prison.[2] Sentence was imposed on March 3,

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). Methamphetamine is a Penalty Group 1 controlled substance. Tex. Health & Safety Code Ann. § 481.102(6) (West 2010).

[2] The trial court's certification of right of appeal states the case is "a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the Defendant has the right of appeal."

2011, and appellant's conviction and sentence were memorialized in a written judgment signed the same date. Appellant filed a motion for new trial and notice of appeal on March 7, 2011. By order of March 31, 2011, the trial court granted appellant's motion for new trial. On May 9, we received a clerk's record containing nothing more than the order granting appellant's motion for new trial.

If the trial court grants a new trial, it restores the case to its position before the former trial. Tex. R. App. P. 21.9(b). The trial court's March 31 order granting appellant's motion for new trial returned the case to a position where there was no finding of guilt and the judgment of conviction was no longer in place.

Because there is no longer an adjudicated issue for appellate review before us, we have no jurisdiction over the case except to dismiss the appeal. *See Waller v. State,* 931 S.W.2d 640, 643-44 (Tex.App.--Dallas 1996, no pet.).[3]

Consequently, the appeal is dismissed for want of jurisdiction.

James T. Campbell
Justice

Do not publish.

---

[3] The trial court clerk has made us aware that on April 21, 2011, the trial court entered a second judgment on appellant's plea of guilty to the offense adjudged by the March 3 judgment. Pursuant to a plea-bargain agreement, a sentence of ten years confinement in prison was imposed on April 21. Appellant's March 7 notice of appeal cannot function as a premature notice of appeal of the April 21 judgment because a notice of appeal filed before the trial court makes a finding of guilt or receives a jury verdict is not effective. Tex. R. App. P. 27.1.