**Dismiss and Opinion Filed May 2, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01573-CR
No. 05-13-01574-CR
No. 05-13-01575-CR

**ALEN BOSSE PORTILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-58061-S, F13-58084-S, F13-58085-S**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Alen Bosse Portillo pleaded guilty to aggravated robbery and two aggravated assault with a deadly weapon offenses. On November 7, 2013, the trial court found appellant guilty and sentenced him to imprisonment for twenty years on the aggravated robbery and ten years on each aggravated assault. Appellant filed timely motions for new trial and notices of appeal. The trial court granted appellant's motions for new trial. On December 10, 2013, the court deferred adjudicating appellant's guilt, placed him on community supervision for seven years, and assessed a $2,500 fine in each case.

No new notices of appeal were filed following the December 10, 2013 proceedings. Therefore, we sent the parties a letter questioning our jurisdiction over the appeals and we

directed the parties to file letter briefs addressing our jurisdiction over the appeals. Appellate counsel for appellant responded that nothing in either the clerk's records or the electronic trial court files maintained in the OnBase system reflects that new notices of appeal were filed. Moreover, appellant's trial attorney informed appellate counsel that he did not file new notices of appeal following the December 10, 2013 hearing. Thus, counsel asserts that this Court does not have jurisdiction over these appeals. We agree we have no jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. To invoke the Court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure. *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

The granting of the motions for new trial restored these cases to their position before the former trial. *See* TEX. R. APP. P. 21.9(b). Thus, while the notices of appeal were timely as to the November 7, 2013 sentencing date, after the motions for new trial were granted, this Court lost jurisdiction over the appeals, *see Waller v. State*, 931 S.W.2d 640, 643–44 (Tex. App.—Dallas 1996, no pet.), and the notices of appeal were no longer effective as to the subsequent proceedings. *See* TEX. R. APP. P. 27.1(b) (notice of appeal not effective if filed before trial court makes finding of guilt or receives jury verdict of guilt); *MacKenzie v. State*, 2014 WL 127225, at *1–2 (Tex. App.—Houston [1st Dist.] Jan. 14, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (notice of appeal filed before motion for new trial granted not effective as to subsequent resentencing). Therefore, appellant was required to file new notices of appeal within thirty days after the trial court entered the orders deferring adjudication of guilt.

*See* TEX. R. APP. P. 26.2((a)(1) (notice of appeal due within thirty days after trial court enters appealable order).

Because appellant did not file new notices of appeal within thirty days after the trial court entered the deferred adjudication orders, appellant did not legally invoke this Court's jurisdiction over his appeals. *See Slaton*, 918 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523. Thus, the only action this Court may take is to dismiss the appeals. *See Slaton*, 918 S.W.2d at 210.

We dismiss the appeals for want of jurisdiction.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131573F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALEN BOSSE PORTILLO, Appellant

No. 05-13-01573-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-58061-S.
Opinion delivered by Justice Francis,
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered May 2, 2014


/Molly Francis/

MOLLY FRANCIS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEN BOSSE PORTILLO, Appellant

No. 05-13-01574-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-58084-S.
Opinion delivered by Justice Francis, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered May 2, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEN BOSSE PORTILLO, Appellant

No. 05-13-01575-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-58085-S.
Opinion delivered by Justice Francis, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered May 2, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE