

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00176-CR

GARY NEIL CARROLL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Lamar County, Texas
Trial Court No. 61897

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Gary Neil Carroll was tried and convicted by a jury in the County Court of Lamar County of assault against a family member. The jury assessed Carroll's punishment at 365 days in jail and a fine of $4,000.00; sentence was imposed on that basis and the trial court's judgment was entered September 15, 2014. That same day, Carroll, through trial counsel, filed a notice of appeal with this Court. Subsequently, on September 29, 2014, (1) the trial court entered an order setting the case for a new trial; (2) Carroll, pursuant to the terms of a plea agreement he entered into with the State, pled guilty to the assault charge; and (3) in keeping with the terms of Carroll's plea agreement, the trial court sentenced him to 270 days in jail and imposed a $2,000.00 fine. Carroll did not file a notice of appeal after entry of the September 29 judgment, but he also never dismissed the September 15 notice of appeal.

The record shows that the only notice of appeal filed by Carroll was filed September 15, 2014, following his conviction by a jury and the initial pronouncement of sentence on that same date. The trial court's September 29 grant of a new trial in this matter effectively wiped away the September 15 judgment, leaving no final, appealable judgment at that time. *See* TEX. R. APP. P. 21.9(b) ("Granting a new trial restores the case to its position before the former trial . . . ."); *Waller v. State*, 931 S.W.2d 640, 643–44 (Tex. App.—Dallas 1996, no pet.). Thus, this Court lacks jurisdiction to hear an appeal from the trial court's September 15 judgment. *See Jackson v. State*, No. 05-09-00487-CR, 2010 Tex. App. LEXIS 4940, at *6–7 (Tex. App.—Dallas June 30, 2010, no pet.) (not designated for publication) (grant of new punishment trial leaves no

appealable sentence and removes appellate court's jurisdiction to hear appeal from that original sentence).[1]

The remaining question, then, is whether Carroll's September 15, 2014, notice of appeal perfected an appeal from the September 29 conviction and sentence. Under Rule 27.1 of the Texas Rules of Appellate Procedure, a prematurely filed notice of appeal can perfect an appeal in a limited set of circumstances. TEX. R. APP. P. 27.1(b). However, Rule 27.1 specifically states, "[A] notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict." *Id.* Because Carroll was given a new trial, the September 15 jury verdict was effectively wiped away. Consequently, the sole notice of appeal in this case, filed September 15, was filed before the trial court made its finding of guilt on September 29. Under Rule 27.1, Carroll's notice cannot perfect an appeal from his September 29 judgment, and as a result, we are also without jurisdiction to hear an appeal from the September 29 judgment.

We notified Carroll by letter dated October 15, 2014, that we believed we lacked jurisdiction over this matter. We invited him to voluntarily dismiss the appeal if, as we suspect, he had no intention of appealing from the September 29 judgment. Alternatively, we afforded him the opportunity to demonstrate to us how we had jurisdiction over his appeal. We received no response from Carroll.

---

[1]Although this unpublished opinion has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

In light of the foregoing, we conclude this Court lacks jurisdiction over this appeal. Accordingly, we dismiss the appeal.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 9, 2014
Date Decided:       December 10, 2014

Do Not Publish