COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ROBERTO JUAN BOTELLO, | § | No. 08-23-00114-CR |
| Appellant, | § | Appeal from the |
| v. | § | 226th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2021CR8821) |

## MEMORANDUM OPINION

Appellant Roberto Juan Botello appealed from the trial court's judgment of February 16, 2023, adjudicating him guilty of the offense of possession of child pornography and imposing a sentence of six years confinement.[1] The trial court's judgment followed Appellant's plea of true to the State's amended revocation motion. On March 20, 2023, Appellant filed a notice of appeal challenging said judgment. On that same date, he also filed with the trial court a motion for new trial and motion to reform the sentence contained in the judgment. The trial court granted Appellant's motion for new trial on April 21, 2023. In the meantime, this appeal remained pending with this Court, yet no Appellant's brief was filed when due on May 4, 2023.

---

[1] This case was transferred from our sister court in San Antonio pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. Section 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

On May 22, 2023, we abated the appeal and issued an order directing the trial court to conduct a hearing to determine whether Appellant wished to continue the appeal and whether he had been deprived of effective assistance of counsel. The trial court held the requested hearing on May 31, 2023. Appellant, his counsel, and counsel for the State all announced their presence for the record. Appellant's counsel clarified that Appellant's motion for new trial sought a new trial for sentencing only, which was granted. The State confirmed its agreement with the defense on the procedural posture of the case. Appellant's counsel also clarified that prior counsel had filed a notice of appeal solely out of an abundance of caution, but Appellant had no desire to appeal. When asked whether he wanted to continue with his appeal, Appellant responded, "No, I do not, Your Honor."

The trial court's grant of a new trial restores the case to its position before the former trial. TEX. R. APP. P. 21.9(b). And such grant of a new trial renders the appeal moot. *See* TEX. R. APP. P. 21.9(b); *see also Villegas v. State*, No. 01-12-00605-CR, 2012 WL 6208301, at *1 (Tex. App.— Houston [1st Dist.] Dec. 13, 2012, no pet.) (mem.op., not designated for publication) (per curiam) (dismissing appeal as moot where trial court granted new trial even though appellant had not signed a voluntary dismissal motion); *Waller v. State*, 931 S.W.2d 640, 643-44 (Tex. App.—Dallas 1996, no pet.) (dismissing an appeal for lack of jurisdiction when a new trial was granted).

Accordingly, we dismiss the appeal as moot. *See* TEX. R. APP. P. 43.2(f).

GINA M. PALAFOX, Justice

June 15, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

2