**Kenneth Ray GLAZE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 225–82.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

George B. Barron, Orange, for appellant.

William C. Wright, County Atty. and Stephen C. Howard, Asst. County Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

In this appeal from a revocation of probation the court of appeals for the Ninth Supreme Judicial District upheld appellant's collateral attack upon his original plea of "guilty", and reversed the revocation of his probation, because of ineffective assistance of counsel given appellant upon his original plea of "guilty" in September of 1980. *Glaze v. State*, 628 S.W.2d 252 (Tex.App.—Beaumont 1982). We granted the State's petition for discretionary review.

On September 15, 1980 appellant pled guilty to the offense of burglary. The court suspended the imposition of sentence and placed appellant on probation for ten years. On March 26, 1981 the trial court revoked appellant's probation based upon a written stipulation of evidence and appellant's plea of "true" to the allegations in the Motion to Revoke. In accord with a plea agreement the court assessed punishment at six years' confinement. Appellant waived his ten days in which to file a Motion for New Trial or Motion in Arrest of Judgment, Art. 40.05, V.A.C.C.P. The trial court sentenced appellant eleven days later, on April 6, 1981. On April 16, 1981 the trial court granted appellant's Motion for Leave to File Motion for New Trial and set aside appellant's sentence pending a determination by the court on appellant's Motion for New Trial. On April 27 a hearing was held on the motion. On May 4 the motion was overruled and appellant filed notice of appeal on May 12. The trial court signed an order granting appellant permission to appeal on May 13.

Although the evidence in the record may not be complete enough to permit a decision upon the validity of appellant's claim of ineffective assistance of counsel given at his plea of "guilty",[1] we cannot even review the contention and must dismiss the appeal because we do not have, and the court of appeals did not have, jurisdiction over the case.

We note that since a revocation of probation is a proceeding tried before the court and not before a jury, the trial court is not required even to consider a motion for new trial. *Ochoa v. State*, 536 S.W.2d 233 (Tex.Cr.App.1976). In the instant case the trial court permitted the untimely filing of a motion for new trial[2] and correctly set aside the properly imposed sentence previously given. *Means v. State*, 552 S.W.2d 166 (Tex.Cr.App.1977); *Robinson v. State*, 505 S.W.2d 298 (Tex.Cr.App.1974). The court then overruled the Motion for New Trial on May 4 and appellant filed notice of appeal on May 12. However, the court never re-imposed sentence after the overruling of the motion for new trial[3]. Therefore, neither this court nor the court of appeals has jurisdiction of the case because there is no final conviction from which to appeal. The court of appeals erroneously addressed the merits of a case over which it had no jurisdiction and we do not adopt their opinion. A conviction is not final until sentencing occurs. See *Ex Parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1977 opinion on state's motion for rehearing); *Morgan v. State*, 515 S.W.2d 278 (Tex.Cr. App.1974); Art. 37.07, Sec. 3(a), 40.05, 40.09(1), 42.02, V.A.C.C.P.

---

1. We note that Art. 11.07, V.A.C.C.P. may provide appellant with the procedure to make a record in order to show that the alleged ineffective assistance of counsel caused his plea of "guilty" to be unknowing and involuntary, an essential requisite in attacking a plea on the ground of ineffective assistance of counsel.

2. Art. 40.05, V.A.C.C.P. prior to the 1981 amendments permitted the trial court to extend the time for filing "for good cause shown." Appellant's motion stated that the transcript of the original plea hearing and thus the evidence upon which his claim is based, was not available until after appellant had been sentenced. Apparently the court found this to be "good cause." We do not dispute this finding.

3. Art. 42.06, V.A.C.C.P. is unavailable because an appeal has been taken.

The appeal is dismissed. The judgment of the court of appeals is set aside and the cause remanded to the trial court.