IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,754-01






EX PARTE DANIEL EDWARDS, IV, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Per Curiam.


O R D E R



 Applicant asks for an out-of-time appeal. While he alleges denial of the right to appeal, his
complaint is expressed in terms of the ineffectiveness of his attorney at the adjudication hearing. We
deny relief.

 On June 4, 1987, the trial court placed applicant on deferred adjudication for a period of ten
years. (1) At that time, no appeal of the deferral was allowed; a defendant had to ask for adjudication
within 30 days of the deferral and then appeal. McDougal v. State, 610 S.W.2d 509, 509 (Tex. Crim.
App. 1981). On December 6, 1988, the trial court adjudicated applicant and sentenced him to 99 years in
prison and a $10,000 fine. At that time, as now, there was no appeal from the decision to adjudicate,
but the sentence could be appealed "as if the adjudication of guilt had not been deferred." Tex. Code
Crim. Proc. Article 42.12, §3d (b). (2) His lawyer filed a timely notice of appeal, but the trial court
erroneously concluded that no appeal of any kind was permitted and so noted on the notice. His
attorney also filed a timely motion for a new trial, which was overruled by operation of law. 
Applicant now asserts that he "was denied his right to appeal from the adjudication of guilt/revocation
hearing due to the ineffective assistance of counsel" in that his attorney did not file a motion for new
trial before the hearing on the state's motion to adjudicate, failed "to protect and secure a properly
filed Notice of Appeal, after learning of defendant's desire to appeal from the adjudication of guilt
proceeding," and "failed to have a firm command of the facts of the defendant's case as well as the
laws governing art[.] 42.12 . . . ."

 Applicant complains that his attorney erred by filing a motion for new trial after the
adjudication hearing rather than before it, when he could have presented his claims of ineffective
assistance by his attorney at the original proceedings and against the judge for illegally granting
"probation." First, we note that, under the rules in effect in 1988, a new trial was "the rehearing of
a criminal action after a finding or verdict of guilt has been set aside upon motion of an accused."
Tex. Rule App. Proc. 30. "A motion for new trial if filed may be filed prior to, or shall be filed
within 30 days after, date sentence is imposed or suspended in open court." Tex. Rule App. Proc.
31. Applicant's motion for new trial was filed the day after sentencing and was therefore timely. 
Second, we have held that, "since a revocation is a proceeding tried before the court and not before
a jury, the trial court is not required even to consider a motion for new trial." Glaze v. State, 675
S.W.2d 768, 769 (Tex. Crim. App. 1984). The same logic applies to adjudication hearings.

 Applicant's attorney did file a notice of appeal. In his affidavit, applicant's attorney states that
he "was of the opinion that [applicant] could not appeal his case because it was a deferred
adjudication that had been adjudicated and that he could not appeal anything unless he had appealed
within thirty days of his initial receipt of deferred adjudication. This, of course, was long past by the
time I entered the case. I did not believe that he had any basis for the appeal. . . . When Judge Routt
denied right to appeal as reflected on the notice of appeal, this was consistent with my understanding
of the law that a direct appeal could not be taken of the court's decisions to adjudicate. After Judge
Routt's action, there would have been no reason for me to seek the reporter's record, file a
designation or do anything else to perfect the appeal. I disagree with applicant's claim that he could
appeal the adjudication of his guilt."

 Clearly there is confusion about what was permitted and what was requested by applicant. It
is clear that he could not appeal the adjudication, but it is equally clear that he could appeal any
alleged errors in the punishment hearing. (3) Both the trial court and applicant's attorney were mistaken
in believing that he could not. Such belief was not unreasonable, given that this Court did not fully
analyze the effect of the 1987 amendment until 1999 in Manual v. State, 994 S.W.2d 658 (Tex. Crim.
App. 1999). Nevertheless, while appellant was entitled to appeal from the punishment hearing and
no such appeal occurred, in his present application he complains only of losing his right to appeal
from the "adjudication of guilt/revocation hearing." Because he does not challenge the appealable
portion of the proceedings, we are without jurisdiction to consider the possible merits of his
application.

 Relief is denied.


Delivered: April 18, 2007

Do not publish
1. Contrary to applicant's assertions, the trial court had the authority to defer adjudication on an open plea. 
Applicant is correct in asserting that the trial court could not grant probation for aggravated robbery, but the trial
court did have authority to place applicant on deferred adjudication for that offense, which is what it did.
2. All references to statutes and rules pertain to the statutes and rules in effect at the time of the
adjudication hearing.
3. Over 2 days, more than 5 hours of testimony on the issue of punishment were presented to the trial court.