NO. 07-10-00297-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
8, 2011

 



 

CARLOS JAVON BECKETT, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT
NO. 1 OF TARRANT COUNTY;

 

NO. 1117440D; HONORABLE SHAREN WILSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Carlos Javon Beckett appeals his conviction for unauthorized use
of a vehicle.[1]  Through one issue, appellant asserts the
trial court erred in failing to hold a hearing on his motion for new trial. We
will affirm. 

Background

            Appellant plead
guilty to the offense of unauthorized use of a motor vehicle in August  2008.  The court placed him on deferred adjudication
community supervision for a period of three years.  In March 2010, the State filed an amended
petition to proceed to adjudication in which it alleged a single violation of
the terms of appellant’s community supervision, that appellant committed the
offense of assault-bodily injury.             At the March 18 hearing on the
State’s petition, after appellant plead the alleged ground for revocation was
not true, the court heard Cameron Bullock testify he was assaulted by appellant
and others on January 11, 2010, at a convenience store.  One of appellant’s friends, Lawrence
Williams, testified on appellant’s behalf, telling the court he was the only
person who assaulted Bullock.  Williams
testified appellant was pumping gas at the time of the altercation.

            The trial court
adjudicated appellant guilty and sentenced him to nine months in Tarrant County
Jail.  Appellant filed his motion for new
trial on April 19, 2010 and requested an evidentiary hearing. The trial court generated
a signed setting notice, setting a hearing for May 21, 2010.  The trial court cancelled the hearing on May
19.  Appellant filed a written objection
on May 20, asking the hearing to be conducted as scheduled.  The trial court did not respond and the
motion for new trial was overruled by operation of law.  Appellant now appeals, contending the trial
court erred in failing to hold the evidentiary hearing on his motion for new
trial. 

Analysis

A trial court's decision regarding whether to hold a hearing on a motion for new
trial in a criminal case is reviewed by an abuse of discretion standard.
Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App.
2003); Martinez v. State, 74 S.W.3d 19, 22 (Tex.Crim.App.
2002). In applying this
standard, we may not substitute our judgment for that of the trial court;
instead, we must decide whether the trial court's decision was arbitrary or
unreasonable. Holden v. State, 201 S.W.3d 761, 763 (Tex.Crim.App.
2006).
A defendant is entitled to a hearing on his motion for new trial if the motion and
accompanying affidavit(s) "rais[e] matters not
determinable from the record, upon which the accused could be entitled to
relief."  Wallace, 106 S.W.3d at 108, citing
Reyes v. State, 849 S.W.2d 812, 816 (Tex.Crim.App.
1993). To be sufficient to
entitle the defendant to a hearing,
the motion for new trial and
accompanying affidavits do not need to establish a prima facie case for a new
trial. Wallace, 106
S.W.3d at 108. Instead, they "must merely reflect that reasonable
grounds exist for holding that such relief could be granted." Wallace, 106 S.W.3d at 108, citing Martinez v. State, 74 S.W.3d 19, 22 (Tex.Crim.App.
2002).  The purpose of the hearing is to give the
defendant an opportunity to fully develop the matters raised in his
motion.  Martinez, 74 S.W.3d at 21.  

On appeal, the State’s argument in support of the
trial court’s ruling is there was no evidence appellant actually presented the
trial court with his motion for new trial within ten days of filing it in
accordance with Rule of Appellate Procedure 21.6.  The State contends appellant’s certificate of
service was insufficient to demonstrate presentment.  Further, the State argues the court’s notice
setting the May 21 hearing is not part of the appellate record.      

Rule 21.6 provides “Time to Present—The defendant must present the motion for new trial within
10 days of filing it, unless the trial court in its discretion permits it to be
presented and heard within 75 days from the date when the court imposes or
suspends sentence in open court.”  Tex.
R. App. P. 21.6. 

The trial court’s “setting notice” setting a
hearing on appellant’s motion appears in the clerk’s record appended as an
exhibit to appellant’s May 20 objection to cancellation of the hearing.  The notice contains the wording “date
posted:  05/04/10” and bears a signature
appearing to be that of the trial judge.

In support of its contention the setting notice
is not a part of the appellate record to be considered on this appeal, the
State cites Hiatt v. State, 319
S.W.3d 115 (Tex.App.—San Antonio 2010, pet. ref’d).  We agree
with appellant that Hiatt is
inapposite because it addressed a motion filed in the appellate court after the
parties had filed briefs.  Id. at 123.  The State does not suggest any reason to
doubt the authenticity of the signed setting notice appended to the motion
appellant filed in the trial court and thus appearing in the clerk’s record on
appeal, nor does the State suggest any other legitimate reason we should not
consider it.  

The evidence supporting appellant’s contention
the record demonstrates timely presentment includes his counsel’s certificate
of service appended to the motion for new trial.  There, counsel certified “that on April 19,
2010, a true and correct copy of the [motion was served on the State] and
presented to Ms. Carol Alexander, court coordinator[[2]]
of Criminal District Court No. 1, pursuant to Rule 21.6 of the Texas Rules of
Appellate Procedure by hand delivery.” 
While counsel’s statement in the certificate alone likely would be
insufficient to show presentment, Hiatt,
319 S.W.3d at 122-23, the setting notice bearing the judge’s signature serves
to confirm the motion’s presentment.  See Stokes v. State, 277
S.W.3d 20, 23 (Tex.Crim.App. 2009) (docket-sheet
entry, if signed by judge, would have shown presentment requirement met); Losoya v. State, No. 02-09-0361-CR, 2010 Tex.
App. Lexis 7305 (Tex.App.—Fort Worth August 31, 2010,
no pet.).

The State lastly argues the setting notice does
not demonstrate that presentment occurred within ten days of the motion’s
filing, as required by Rule 21.6.  It
points out the “posted” date shown on the notice, May 4, which was more than
ten days after the April 19 filing date. 
Two factors, we think, defeat this argument.  First, the State’s argument would have us
ignore appellant’s counsel’s certification that he presented the motion to the
court coordinator by hand delivery on April 19. 
While, again, not sufficient alone to show presentment, counsel’s
certification surely is entitled to consideration.  Cf. Losoya, 2010 Tex. App. Lexis 7305 at *4 (describing
motion containing only a statement in the body of the motion that movant “hereby presents” the motion and a statement in an
unsigned order stating that movant presented the
motion to the court “on the ___ day of ___ 2009”).  And second, Rule 21.6 gives a trial court discretion to permit a motion for new trial to
be “presented and heard” within 75 days from sentencing in open court.  Tex. R. App. P. 21.6.  That the trial court apparently took the
action of posting the notice of hearing on May 4, a date beyond ten days from
the motion’s filing, does not indicate a lack of compliance with the
presentment requirement.

Although we disagree with the State that
appellant’s evidence of presentment is lacking, for other reasons we
nonetheless find no abuse of discretion in the trial court’s failure to hold a
hearing on the motion for new trial. 

First, the new trial appellant sought was a
rehearing of the State’s motion to revoke appellant’s community supervision and
proceed to adjudication on the underlying offense.   A revocation proceeding is neither criminal
nor civil in nature; it is an administrative proceeding.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993).  At a revocation hearing,
the State must prove by a preponderance of the evidence that the defendant has
violated a condition of his community supervision.  Id.  The Court of Criminal Appeals has also held
that, "since a revocation is a proceeding tried before the court and not
before a jury, the trial court is not required even to consider a motion
for new trial." Glaze v. State, 675 S.W.2d 768, 769 (Tex.Crim.App. 1984).[3]  Article 42.12, § 5(b) of the Code of Criminal
Procedure provides the trial court’s determination to proceed to adjudication
“is reviewable in the same manner as a revocation hearing conducted under
Section 21 of this article in a case in which an adjudication of guilt had not
been deferred.”  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (West 2010).  We are unable to see why the principle the
Court of Criminal Appeals enunciated in Glaze
should apply differently in deferred adjudication revocations.

Second, for reasons related to the contents of
appellant’s motion for new trial, the trial court reasonably could have found
it did not show he could be entitled to relief. 
Wallace, 106
S.W.3d at 108.   The motion
asserts that Cameron Bullock, the victim of appellant’s assault who testified
at the revocation hearing, committed perjury. 
In support of the motion, appellant attached an affidavit from an
individual named Cassius McLin.  McLin’s affidavit,
dated April 2, 2010, contains this paragraph:

On Wednesday, January 13, 2010, at approximately 11 or
11:30 am Jessee Ohawkum,
Kelly Ohawkum, William Ohawkum,
person known to me only as Matthew, person know [sic] only to me as Roderick
and Cameron Bullock were all in the game room of Jessee’s
home. I heard Cameron Bullock say “I need a favor; I need you to say that
Marquise Bennett, Carlos Bennett[[4]] and Lawrence Williams
jumped me.”  Then he said “My Daddy is
mad and he wants to press charges on them all. 
I need you to say they jumped me.

 

Appellant’s motion effectively requested a new
trial based on newly discovered evidence. 
To obtain a new trial based on newly discovered evidence, appellant was
required to show:  (1) the evidence was
unknown to him at the time of trial; (2) his failure to discover the new
evidence was not due to his lack of due diligence; (3) the new evidence is
admissible and not merely cumulative, corroborative, collateral, or impeaching;
and (4) the new evidence is probably true and will probably bring about a
different result in a new trial.  Keeter v. State, 74 S.W.3d
31, 36-37 (Tex.Crim.App. 2002); Tex. Code
Crim. Proc. Ann. art. 40.001 (West 2010).  The first two factors went unaddressed in
appellant’s motion.  Without at least
some indication the evidence reflected in McLin’s
affidavit qualified as newly discovered evidence, the trial court reasonably
could have concluded it would not entitle appellant to a new revocation
hearing.  

Further, the trial court reasonably could have
concluded McLin’s testimony to the facts shown in the
affidavit would not probably bring about a different result in a new revocation
hearing.  Appellant argues the affidavit
shows his probation was revoked based only on perjured testimony.  As noted, it was undisputed at the hearing
that appellant was at the convenience store at the time of the assault on
Bullock.  The point of disagreement was
whether appellant participated in the assault. 
The court had the opportunity to evaluate the credibility of appellant’s
friend Williams and of Bullock.  None of
the persons named in McLin’s affidavit except Bullock
testified at the hearing.  The court was
not required to agree with appellant that the affidavit demonstrated that
Bullock committed perjury, or that McLin’s testimony
would lead to a different result.  Wallace,
106 S.W.3d at 108.

For these reasons, we resolve appellant’s sole
issue against him and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.

 








 











[1]
See Tex. Penal
Code Ann. § 31.07 (West 2009).





[2]
The certificate contains a
footnote at this point citing Butler v.
State, 6 S.W.3d 636 (Tex.App.—Houston [1st
Dist.] 1999, pet. ref’d) for the proposition that
presentment of a motion for new trial to the court coordinator meets the
presentment requirement. Because of the presence in this case of a setting
notice signed by the trial judge, we need not here address that holding of Butler.





[3]
We do not suggest, however,
that a trial court abuses its discretion by choosing to consider a motion for
new trial following a revocation proceeding. 
Cf. State v. Herndon, 215 S.W.3d 901,
909-10 (Tex.Crim.App. 2007) (discussing exercise of
discretion). 

 





[4]
While the affidavit refers to
Carlos “Bennett,” it seems clear the affiant was speaking of appellant, Carlos
Beckett.