NO. 07-10-00297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 8, 2011

_____

CARLOS JAVON BECKETT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1117440D; HONORABLE SHAREN WILSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Carlos Javon Beckett appeals his conviction for unauthorized use of a vehicle.[1]  Through one issue, appellant asserts the trial court erred in failing to hold a hearing on his motion for new trial. We will affirm.

Background

Appellant plead guilty to the offense of unauthorized use of a motor vehicle in August 2008.  The court placed him on deferred adjudication community supervision for a period of three years.  In March 2010, the State filed an amended petition to proceed

_____

[1] *See* Tex. Penal Code Ann. § 31.07 (West 2009).

to adjudication in which it alleged a single violation of the terms of appellant's community supervision, that appellant committed the offense of assault-bodily injury.

At the March 18 hearing on the State's petition, after appellant plead the alleged ground for revocation was not true, the court heard Cameron Bullock testify he was assaulted by appellant and others on January 11, 2010, at a convenience store. One of appellant's friends, Lawrence Williams, testified on appellant's behalf, telling the court he was the only person who assaulted Bullock. Williams testified appellant was pumping gas at the time of the altercation.

The trial court adjudicated appellant guilty and sentenced him to nine months in Tarrant County Jail. Appellant filed his motion for new trial on April 19, 2010 and requested an evidentiary hearing. The trial court generated a signed setting notice, setting a hearing for May 21, 2010. The trial court cancelled the hearing on May 19. Appellant filed a written objection on May 20, asking the hearing to be conducted as scheduled. The trial court did not respond and the motion for new trial was overruled by operation of law. Appellant now appeals, contending the trial court erred in failing to hold the evidentiary hearing on his motion for new trial.

## Analysis

A trial court's decision regarding whether to hold a hearing on a motion for new trial in a criminal case is reviewed by an abuse of discretion standard. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003); *Martinez v. State*, 74 S.W.3d 19, 22 (Tex.Crim.App. 2002). In applying this standard, we may not substitute our judgment for that of the trial court; instead, we must decide whether the trial court's decision was arbitrary or unreasonable. *Holden v. State*, 201 S.W.3d 761, 763 (Tex.Crim.App. 2006).

A defendant is entitled to a hearing on his motion for new trial if the motion and accompanying affidavit(s) "rais[e] matters not determinable from the record, upon which the accused could be entitled to relief." *Wallace,* 106 S.W.3d at 108, *citing Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). To be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavits do not need to establish a prima facie case for a new trial. *Wallace,* 106 S.W.3d at 108. Instead, they "must merely reflect that reasonable grounds exist for holding that such relief could be granted." *Wallace,* 106 S.W.3d at 108, *citing Martinez v. State*, 74 S.W.3d 19, 22 (Tex.Crim.App. 2002). The purpose of the hearing is to give the defendant an opportunity to fully develop the matters raised in his motion. *Martinez,* 74 S.W.3d at 21.

On appeal, the State's argument in support of the trial court's ruling is there was no evidence appellant actually presented the trial court with his motion for new trial within ten days of filing it in accordance with Rule of Appellate Procedure 21.6. The State contends appellant's certificate of service was insufficient to demonstrate presentment. Further, the State argues the court's notice setting the May 21 hearing is not part of the appellate record.

Rule 21.6 provides "Time to Present—The defendant must present the motion for new trial within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court." Tex. R. App. P. 21.6.

The trial court's "setting notice" setting a hearing on appellant's motion appears in the clerk's record appended as an exhibit to appellant's May 20 objection to

3

cancellation of the hearing. The notice contains the wording "date posted: 05/04/10" and bears a signature appearing to be that of the trial judge.

In support of its contention the setting notice is not a part of the appellate record to be considered on this appeal, the State cites *Hiatt v. State,* 319 S.W.3d 115 (Tex.App.—San Antonio 2010, pet. ref'd). We agree with appellant that *Hiatt* is inapposite because it addressed a motion filed in the appellate court after the parties had filed briefs. *Id.* at 123. The State does not suggest any reason to doubt the authenticity of the signed setting notice appended to the motion appellant filed in the trial court and thus appearing in the clerk's record on appeal, nor does the State suggest any other legitimate reason we should not consider it.

The evidence supporting appellant's contention the record demonstrates timely presentment includes his counsel's certificate of service appended to the motion for new trial. There, counsel certified "that on April 19, 2010, a true and correct copy of the [motion was served on the State] and presented to Ms. Carol Alexander, court coordinator[2] of Criminal District Court No. 1, pursuant to Rule 21.6 of the Texas Rules of Appellate Procedure by hand delivery." While counsel's statement in the certificate alone likely would be insufficient to show presentment, *Hiatt*, 319 S.W.3d at 122-23, the setting notice bearing the judge's signature serves to confirm the motion's presentment. *See Stokes v. State*, 277 S.W.3d 20, 23 (Tex.Crim.App. 2009) (docket-sheet entry, if

---

[2] The certificate contains a footnote at this point citing *Butler v. State*, 6 S.W.3d 636 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd) for the proposition that presentment of a motion for new trial to the court coordinator meets the presentment requirement. Because of the presence in this case of a setting notice signed by the trial judge, we need not here address that holding of *Butler*.

signed by judge, would have shown presentment requirement met); *Losoya v. State*, No. 02-09-0361-CR, 2010 Tex. App. Lexis 7305 (Tex.App.—Fort Worth August 31, 2010, no pet.).

The State lastly argues the setting notice does not demonstrate that presentment occurred within ten days of the motion's filing, as required by Rule 21.6. It points out the "posted" date shown on the notice, May 4, which was more than ten days after the April 19 filing date. Two factors, we think, defeat this argument. First, the State's argument would have us ignore appellant's counsel's certification that he presented the motion to the court coordinator by hand delivery on April 19. While, again, not sufficient alone to show presentment, counsel's certification surely is entitled to consideration. *Cf. Losoya*, 2010 Tex. App. Lexis 7305 at *4 (describing motion containing only a statement in the body of the motion that movant "hereby presents" the motion and a statement in an unsigned order stating that movant presented the motion to the court "on the ___ day of ___ 2009"). And second, Rule 21.6 gives a trial court discretion to permit a motion for new trial to be "presented and heard" within 75 days from sentencing in open court. Tex. R. App. P. 21.6. That the trial court apparently took the action of posting the notice of hearing on May 4, a date beyond ten days from the motion's filing, does not indicate a lack of compliance with the presentment requirement.

Although we disagree with the State that appellant's evidence of presentment is lacking, for other reasons we nonetheless find no abuse of discretion in the trial court's failure to hold a hearing on the motion for new trial.

First, the new trial appellant sought was a rehearing of the State's motion to revoke appellant's community supervision and proceed to adjudication on the

underlying offense. A revocation proceeding is neither criminal nor civil in nature; it is an administrative proceeding. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). At a revocation hearing, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Id.* The Court of Criminal Appeals has also held that, "since a revocation is a proceeding tried before the court and not before a jury, the trial court is not required even to consider a motion for new trial." *Glaze v. State,* 675 S.W.2d 768, 769 (Tex.Crim.App. 1984).[3] Article 42.12, § 5(b) of the Code of Criminal Procedure provides the trial court's determination to proceed to adjudication "is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West 2010). We are unable to see why the principle the Court of Criminal Appeals enunciated in *Glaze* should apply differently in deferred adjudication revocations.

Second, for reasons related to the contents of appellant's motion for new trial, the trial court reasonably could have found it did not show he could be entitled to relief. *Wallace*, 106 S.W.3d at 108. The motion asserts that Cameron Bullock, the victim of appellant's assault who testified at the revocation hearing, committed perjury. In support of the motion, appellant attached an affidavit from an individual named Cassius McLin. McLin's affidavit, dated April 2, 2010, contains this paragraph:

---

[3] We do not suggest, however, that a trial court abuses its discretion by choosing to consider a motion for new trial following a revocation proceeding. *Cf. State v. Herndon,* 215 S.W.3d 901, 909-10 (Tex.Crim.App. 2007) (discussing exercise of discretion).

On Wednesday, January 13, 2010, at approximately 11 or 11:30 am Jessee Ohawkum, Kelly Ohawkum, William Ohawkum, person known to me only as Matthew, person know [sic] only to me as Roderick and Cameron Bullock were all in the game room of Jessee's home. I heard Cameron Bullock say "I need a favor; I need you to say that Marquise Bennett, Carlos Bennett[4] and Lawrence Williams jumped me." Then he said "My Daddy is mad and he wants to press charges on them all. I need you to say they jumped me.

Appellant's motion effectively requested a new trial based on newly discovered evidence. To obtain a new trial based on newly discovered evidence, appellant was required to show: (1) the evidence was unknown to him at the time of trial; (2) his failure to discover the new evidence was not due to his lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *Keeter v. State,* 74 S.W.3d 31, 36-37 (Tex.Crim.App. 2002); Tex. Code Crim. Proc. Ann. art. 40.001 (West 2010). The first two factors went unaddressed in appellant's motion. Without at least some indication the evidence reflected in McLin's affidavit qualified as newly discovered evidence, the trial court reasonably could have concluded it would not entitle appellant to a new revocation hearing.

Further, the trial court reasonably could have concluded McLin's testimony to the facts shown in the affidavit would not probably bring about a different result in a new revocation hearing. Appellant argues the affidavit shows his probation was revoked based only on perjured testimony. As noted, it was undisputed at the hearing that

---

[4] While the affidavit refers to Carlos "Bennett," it seems clear the affiant was speaking of appellant, Carlos Beckett.

7

appellant was at the convenience store at the time of the assault on Bullock. The point of disagreement was whether appellant participated in the assault. The court had the opportunity to evaluate the credibility of appellant's friend Williams and of Bullock. None of the persons named in McLin's affidavit except Bullock testified at the hearing. The court was not required to agree with appellant that the affidavit demonstrated that Bullock committed perjury, or that McLin's testimony would lead to a different result. *Wallace,* 106 S.W.3d at 108.

For these reasons, we resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

8