NO. 07-10-0087-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

AUGUST 18, 2011

 

______________________________

 

 

IN THE INTEREST OF N.C. AND J.C., CHILDREN

 

_________________________________

 

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

 

NO. 6537; HONORABLE RONNIE WALKER, JUDGE[1]

 

_______________________________

 

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[2]

MEMORANDUM OPINION

            Appellant,
Adam,[3]
appeals the trial court's order terminating his parental rights to his
children, N.C. and J.C.  He asserts the
trial court committed reversible error in what he categorizes as a failure to
make and file findings of fact and conclusions of law.  We affirm. 





 

Factual Background

            The
two children the subject of this proceeding are N.C., a female born in August
of 2002, and J.C. a female born in August of 2004.  Adam and K.L.[4]
are the parents of N.C. and J.C.  Adam
and K.L. separated in 2005, and Adam retained possession of the two children.  After allegations of neglectful supervision
were validated against Adam by the Texas Department of Family and Protective
Services (the Department), N.C. and J.C. were removed from his home and custody
was awarded to his mother, D.V.[5]
 At that time, Adam and K.L. were granted
visitation rights.  

            In
2006, Adam became involved with C.J., who already had a male child, Q.W.J.[6]  In July of 2007, Adam
and C.J. had a daughter, S.C.[7]  At that time, N.C. and J.C. were still living
with D.V.  By May of 2008, Adam's three
biological children, N.C., J.C. and S.C., together with Q.W.J., were all residing
with D.V.  On May 23, 2008, while N.C.
was at an appointment with her counselor, she made an allegation of abuse against
C.J., which was allegedly perpetrated while the children were in the possession
of Adam and C.J.  The counselor and D.V.
reported the alleged abuse to the Department for suspected neglectful
supervision and physical abuse by C.J. against both N.C. and J.C.  An investigator for Child Protective Services
(CPS) was assigned to the case and interviews were conducted with the three
older children and other family members.

            According
to N.C., C.J. engaged in pushing her and J.C., and she would lock them out on
the porch during storms as a form of punishment.  Allegations were also made that C.J. shook
S.C., an infant at the time, to stop her from crying.  According to the investigator's testimony,
N.C. had lice in her hair and was filthy and smelled.  She also testified that all the children
suffered from lice and all but N.C. had pinkeye.  

            During
the interview process, the parents offered denials, excuses, and explained part
of their conduct as discipline.  After
Adam and C.J. left the CPS office, they received a call that S.C. had been
taken to the hospital.  Apparently, while
still at the CPS office, S.C. had become unresponsive and her eyes
crossed.  She was taken to the hospital
with seizure-type symptoms possibly resulting from being shaken; however, tests
showed no injuries.  The treating physician
testified that although S.C. was not underweight or emaciated, she appeared
neglected and was suffering from a vaginal yeast infection and had lice and
pink eye.  

After its investigation, the Department
decided it was in the best interest of the children to remove them from their
home and place them with relatives.[8]  The Department initiated legal action for
termination of parental rights on May 30, 2008. 
Over several years, a series of family service plans were implemented
with a goal of reunification.  However,
on February 22, 2010,[9]
after a trial before the bench, the trial court signed an order terminating
Adam's parental rights to N.C. and J.C.  

Procedural Background

Pursuant to section 263.405(d) of
the Texas Family Code, on March 22, 2010, the trial court held a hearing to
determine whether a new trial should be granted and whether the appeal was
frivolous.  Tex. Fam. Code Ann. §
263.405(d) (West 2008).  After a brief
hearing, the trial court signed an order denying Adam a new trial and
dismissing his notice of appeal from the termination order as frivolous.  Adam appealed the trial court's frivolous
finding and denial of a free reporter's record. 
By opinion dated September 29, 2010, this Court found that arguable
grounds for appeal existed, reversed the trial court's frivolous finding, and
ordered that a free reporter's record be provided to Adam to pursue an appeal
on the merits.  See In re N.C, No. 07-10-0087-CV, 2010 Tex. App. LEXIS 7972, at *3
(Tex.App.--Amarillo Sept. 29, 2010, no pet.) (mem.
op.).  After a reporter's record was
provided, Adam filed his brief challenging the termination order.  This second appeal is on the merits of the
termination order.

Statement of Points

            Section
263.405(b)(2) of the Family Code[10]
currently provides that a statement of points on which a party intends to
appeal must be filed not later than the fifteenth day after a final order is
signed.[11]  Tex. Fam. Code Ann. § 263.405(b)(2) (West 2008).  Presently,
an appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of points.  § 263.405(i).[12]  In his Statement of Points, Adam raises
insufficiency of the evidence to support each of the four grounds found by the
trial court for termination as well as the best interest finding.  He also alleges ineffective assistance of
counsel and challenges the constitutionality of sections 109.002 and 263.405 of
the Texas Family Code.  However, on
appeal, Adam only complains of the trial court's Findings of Fact and
Conclusions of Law.

Adam attacks the trial court's
findings and conclusions as being nothing more than "evidentiary
recitations" which are "of no value on appeal."  He maintains the document is tantamount to no
findings having been filed and concludes he has suffered harm as a result.  We disagree.

Findings of Fact and Conclusions of Law

            If
properly requested, the trial court must prepare and file findings of fact and
conclusions of law.  Tex. R. Civ. P. 297.  A trial court's failure to make and file
findings is not harmful error if "the record before the appellate court
affirmatively shows that the complaining party suffered no injury."  Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996) (citing Cherne Indus. v. Magallanes,
763 S.W.2d 768, 772 (Tex. 1989)).  The
purpose for requesting written findings of fact and conclusions of law is to
narrow the bases of the termination order to only a portion of the multiple
claims and defenses in the case thereby reducing the number of contentions an
appellant must raise on appeal.  Larry F. Smith, Inc. v. The Weber Co., Inc., 110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet.
denied).  Harm may
exist when the circumstances of a case require an appellant to guess the reason
for the trial court's ruling, making it difficult for an appellant to properly
present his case on appeal.  See In
re J.I.T.P., 99 S.W.3d 841, 848-49 (Tex.App.--Houston [14th Dist.] 2003, no
pet.).  See also Tex. R. App. P. 44.1(a)(2).

Discussion

            The
trial court signed the termination order on February 26, 2010, and Adam timely
filed his request for findings of fact and conclusions of law pursuant to Rule
296 of the Texas Rules of Civil Procedure on March 9, 2010.  Although untimely,[13]
the trial court signed a lengthy and detailed document entitled "Findings
of Fact and Conclusions of Law" on April 1, 2010.

            Adam's
challenge leaves us with two avenues for review.  First, assuming arguendo, that the document entitled "Findings of Fact and
Conclusions of Law" is tantamount to no findings being filed at all, as
Adam urges, he failed to file a "Notice of Past Due Findings of Fact and
Conclusions of Law" as required by Rule 297 of the Texas Rules of Civil
Procedure.  Second, if we accept the
trial court's Findings of Fact and Conclusions of Law, Adam's dissatisfaction
with the contents of those findings and conclusions could have been remedied by
filing a request pursuant to Rule 298 for additional or amended findings and
conclusions.  Adam did not avail himself
of either option.  Thus, he has waived
the opportunity to complain on appeal about the document entitled "Findings
of Fact and Conclusions of Law."  See In re J.I.T.P., 99 S.W.3d at 848
(citing Curtis v. Commission for Lawyer
Discipline, 20 S.W.3d 227, 232 (Tex.App.--Houston [14th Dist. 2000, no
pet.)).[14]  Consequently, we overrule his sole issue.

Conclusion

            The trial
court's order terminating Adam's parental rights to N.C. and J.C. is affirmed.

 

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 











[1]Hon. Abe
Lopez, (Ret.) sitting by assignment. 
Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

 





[2]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov’t
Code Ann. § 75.002(a)(1) (West 2005).

 





[3]To
protect the parents' and children's privacy, we refer to Appellant by his first
name and other interested parties by their initials.  See
Tex. Fam. Code Ann. § 109.002(d) (West 2008). 
See also  Tex. R. App. P. 9.8(b).

 





[4]The
mother, K.L., was appointed possessory conservator and is not appealing.

 





[5]The
record reflects that even though D.V. had custody of two of her grandchildren,
she sometimes allowed them to live with Adam rather than deal with his anger. 

 





[6]Adam was
not Q.W.J.'s natural father.  Q.W.J is
one of the children the subject of a companion case, No. 07-10-0075-CV, styled In the Interest of Q.W.J. and S.C., decided this same date.  


 





[7]S.C.
is one of the children the subject of a companion case, No. 07-10-0075-CV,
styled In the Interest of Q.W.J. and
S.C., decided this same date.  

 





[8]Placement
with relatives was never fully realized. 
Q.W.J. and his sister S.C. were placed with a foster family, J.C. was
placed with a different foster family, and N.C. was placed in a residential
treatment center to address other serious issues.

 





[9]During
oral submission of this appeal, questions were raised on the duration of the
underlying case on the docket in light of section 263.401(a) and (b) which
provides for mandatory dismissal if trial on the merits is not timely
commenced.  Dismissal is appropriate if a
party files a motion to dismiss pursuant to section 263.402(b).  Tex. Fam. Code Ann. § 263.402(b) (West
2008).  No motion was filed in the
underlying proceeding.  Thus, this Court
is unable to grant relief because a party's failure to file a motion to dismiss
waives the right to object to the failure to dismiss.  See id.

 





[10]All
future references to "§" or "section" are to the Texas
Family Code Annotated unless otherwise designated.

 





[11]Effective
September 1, 2011, termination cases involving the Department are governed by
the procedures for accelerated appeals in civil cases under the Texas Rules of
Appellate Procedure.  Sections
263.405(b-1), (d), (e), (f), (h), and (i) have been
repealed.  See Act of May 5, 2011, 82nd Leg., R.S., ch.
75, 2011 Tex. Sess. Law Serv. 348, 349. 

 





[12]But see In re J.O.A., 262 S.W.3d 7,
21-22 (Tex.App.--Amarillo 2008), aff'd as
modified and remanded, 283 S.W.3d 336 (Tex. 2009) (reviewing sufficiency of
the evidence claims despite counsel's failure to file a timely statement of
points when a due process violation occurs).

 





[13]Findings
of fact and conclusions of law must be filed within twenty days after a timely
request.  Tex. R. Civ. P. 297.

 





[14]When,
as Adam alleges, no findings are filed, the trial court's judgment implies all
findings of fact necessary to support it. 
Pharo v. Chambers County, 922
S.W.2d 945, 948 (Tex. 1996).  When
a reporter's record is filed, implied findings are not conclusive and may be
challenged for legal and factual sufficiency. 
 BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).  However, Adam did not challenge the
sufficiency of the evidence in his brief.








>  See Stokes v. State, 277
S.W.3d 20, 23 (Tex.Crim.App. 2009) (docket-sheet
entry, if signed by judge, would have shown presentment requirement met); Losoya v. State, No. 02-09-0361-CR, 2010 Tex.
App. Lexis 7305 (Tex.App.—Fort Worth August 31, 2010,
no pet.).

The State lastly argues the setting notice does
not demonstrate that presentment occurred within ten days of the motion’s
filing, as required by Rule 21.6.  It
points out the “posted” date shown on the notice, May 4, which was more than
ten days after the April 19 filing date. 
Two factors, we think, defeat this argument.  First, the State’s argument would have us
ignore appellant’s counsel’s certification that he presented the motion to the
court coordinator by hand delivery on April 19. 
While, again, not sufficient alone to show presentment, counsel’s
certification surely is entitled to consideration.  Cf. Losoya, 2010 Tex. App. Lexis 7305 at *4 (describing
motion containing only a statement in the body of the motion that movant “hereby presents” the motion and a statement in an
unsigned order stating that movant presented the
motion to the court “on the ___ day of ___ 2009”).  And second, Rule 21.6 gives a trial court discretion to permit a motion for new trial to
be “presented and heard” within 75 days from sentencing in open court.  Tex. R. App. P. 21.6.  That the trial court apparently took the
action of posting the notice of hearing on May 4, a date beyond ten days from
the motion’s filing, does not indicate a lack of compliance with the
presentment requirement.

Although we disagree with the State that
appellant’s evidence of presentment is lacking, for other reasons we
nonetheless find no abuse of discretion in the trial court’s failure to hold a
hearing on the motion for new trial. 

First, the new trial appellant sought was a
rehearing of the State’s motion to revoke appellant’s community supervision and
proceed to adjudication on the underlying offense.   A revocation proceeding is neither criminal
nor civil in nature; it is an administrative proceeding.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993).  At a revocation hearing,
the State must prove by a preponderance of the evidence that the defendant has
violated a condition of his community supervision.  Id.  The Court of Criminal Appeals has also held
that, "since a revocation is a proceeding tried before the court and not
before a jury, the trial court is not required even to consider a motion
for new trial." Glaze v. State, 675 S.W.2d 768, 769 (Tex.Crim.App. 1984).[3]  Article 42.12, § 5(b) of the Code of Criminal
Procedure provides the trial court’s determination to proceed to adjudication
“is reviewable in the same manner as a revocation hearing conducted under
Section 21 of this article in a case in which an adjudication of guilt had not
been deferred.”  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (West 2010).  We are unable to see why the principle the
Court of Criminal Appeals enunciated in Glaze
should apply differently in deferred adjudication revocations.

Second, for reasons related to the contents of
appellant’s motion for new trial, the trial court reasonably could have found
it did not show he could be entitled to relief. 
Wallace, 106
S.W.3d at 108.   The motion
asserts that Cameron Bullock, the victim of appellant’s assault who testified
at the revocation hearing, committed perjury. 
In support of the motion, appellant attached an affidavit from an
individual named Cassius McLin.  McLin’s affidavit,
dated April 2, 2010, contains this paragraph:

On Wednesday, January 13, 2010, at approximately 11 or
11:30 am Jessee Ohawkum,
Kelly Ohawkum, William Ohawkum,
person known to me only as Matthew, person know [sic] only to me as Roderick
and Cameron Bullock were all in the game room of Jessee’s
home. I heard Cameron Bullock say “I need a favor; I need you to say that
Marquise Bennett, Carlos Bennett[[4]] and Lawrence Williams
jumped me.”  Then he said “My Daddy is
mad and he wants to press charges on them all. 
I need you to say they jumped me.

 

Appellant’s motion effectively requested a new
trial based on newly discovered evidence. 
To obtain a new trial based on newly discovered evidence, appellant was
required to show:  (1) the evidence was
unknown to him at the time of trial; (2) his failure to discover the new
evidence was not due to his lack of due diligence; (3) the new evidence is
admissible and not merely cumulative, corroborative, collateral, or impeaching;
and (4) the new evidence is probably true and will probably bring about a
different result in a new trial.  Keeter v. State, 74 S.W.3d
31, 36-37 (Tex.Crim.App. 2002); Tex. Code
Crim. Proc. Ann. art. 40.001 (West 2010).  The first two factors went unaddressed in
appellant’s motion.  Without at least
some indication the evidence reflected in McLin’s
affidavit qualified as newly discovered evidence, the trial court reasonably
could have concluded it would not entitle appellant to a new revocation
hearing.  

Further, the trial court reasonably could have
concluded McLin’s testimony to the facts shown in the
affidavit would not probably bring about a different result in a new revocation
hearing.  Appellant argues the affidavit
shows his probation was revoked based only on perjured testimony.  As noted, it was undisputed at the hearing
that appellant was at the convenience store at the time of the assault on
Bullock.  The point of disagreement was
whether appellant participated in the assault. 
The court had the opportunity to evaluate the credibility of appellant’s
friend Williams and of Bullock.  None of
the persons named in McLin’s affidavit except Bullock
testified at the hearing.  The court was
not required to agree with appellant that the affidavit demonstrated that
Bullock committed perjury, or that McLin’s testimony
would lead to a different result.  Wallace,
106 S.W.3d at 108.

For these reasons, we resolve appellant’s sole
issue against him and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.

 








 











[1]
See Tex. Penal
Code Ann. § 31.07 (West 2009).





[2]
The certificate contains a
footnote at this point citing Butler v.
State, 6 S.W.3d 636 (Tex.App.—Houston [1st
Dist.] 1999, pet. ref’d) for the proposition that
presentment of a motion for new trial to the court coordinator meets the
presentment requirement. Because of the presence in this case of a setting
notice signed by the trial judge, we need not here address that holding of Butler.





[3]
We do not suggest, however,
that a trial court abuses its discretion by choosing to consider a motion for
new trial following a revocation proceeding. 
Cf. State v. Herndon, 215 S.W.3d 901,
909-10 (Tex.Crim.App. 2007) (discussing exercise of
discretion). 

 





[4]
While the affidavit refers to
Carlos “Bennett,” it seems clear the affiant was speaking of appellant, Carlos
Beckett.