# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00579-CR
NO. 03-18-00580-CR
NO.  03-18-00581-CR

**The State of Texas, Appellant**

**v.**

**Julio Baeza, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY,
NOS. C-1-CR-15-218716, C-1-CR-15-218717, C-1-CR-16-400605
THE HONORABLE MIKE DENTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant the State of Texas filed its notice of appeal in these cases on September 4, 2018.  On September 7, 2018, appellee Julio Baeza filed an agreed motion for new trial and motion in arrest of dismissal.  *See* Tex. R. App. P. 21, 22.  The trial court granted the motion for new trial on September 13, 2018.  Granting a new trial restores the case to its position before the former trial.  *Id.* R. 21.9(b); *see also id.* R. 22.6(a) ("If judgment is arrested the defendant is restored to the position that he or she had before the indictment or information was presented.").  We have no jurisdiction to consider the merits of an appeal after the grant of a motion for new trial.  *See Glaze v. State,* 675 S.W.2d 768, 769-70 (Tex. Crim. App. 1984) (holding that neither court of appeals nor court of criminal appeals has jurisdiction to consider the merits of a case unless there is a final conviction from which to appeal); *Waller v. State,* 931 S.W.2d 640, 643-44 (Tex. App.—Dallas 1996, no pet.) (determining that appellate court had no jurisdiction to review

appeal because trial court's granting of a motion for new trial left no sentence to be appealed); *see also Gallup v. State,* No. 03-11-00683-CR, 2012 WL 5192814, at *1 (Tex. App.—Austin Oct. 19, 2012, no pet.) (mem. op., not designated for publication) (dismissing appeal as moot after trial court granted motion for new trial).  Accordingly, we dismiss these appeals for want of jurisdiction.


                  _____

                  Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed:   October 2, 2018

Do Not Publish