# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00541-CR

**Robert Thomas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-17-208383, THE HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Thomas filed his notice of appeal on August 14, 2018. However, appellant also filed a motion for new trial on August 13, 2018, which was granted by the trial court the same day. *See* Tex. R. App. P. 21, 22. Granting a new trial restores the case to its position before the former trial. *Id.* R. 21.9(b); *see also id.* R. 22.6(a) ("If judgment is arrested the defendant is restored to the position that he or she had before the indictment or information was presented."). We have no jurisdiction to consider the merits of an appeal after the grant of a motion for new trial. *See Glaze v. State,* 675 S.W.2d 768, 769-70 (Tex. Crim. App. 1984) (holding that neither court of appeals nor court of criminal appeals has jurisdiction to consider the merits of a case unless there is a final conviction from which to appeal); *Waller v. State,* 931 S.W.2d 640, 643-44 (Tex. App.—Dallas 1996, no pet.) (determining that appellate court had no jurisdiction to review appeal because trial court's granting of a motion for new trial left no sentence to be appealed); *see also Gallup v. State,* No. 03-11-00683-CR, 2012 WL

5192814, at *1 (Tex. App.—Austin Oct. 19, 2012, no pet.) (mem. op., not designated for publication) (dismissing appeal as moot after trial court granted motion for new trial). Accordingly, we dismiss this appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed:  October 2, 2018

Do Not Publish