# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00071-CR

**Romen DeLeon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 18-3745CR, THE HONORABLE CHRIS JOHNSON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Romen DeLeon filed his notice of appeal on January 28, 2019. On January 29, 2019, appellant filed a motion for new trial, which was granted by the trial court on February 15, 2019. *See* Tex. R. App. P. 21, 22. Granting a new trial restores the case to its position before the former trial. *Id.* R. 21.9(b); *see also id.* R. 22.6(a) ("If judgment is arrested the defendant is restored to the position that he or she had before the indictment or information was presented."). We have no jurisdiction to consider the merits of an appeal after the grant of a motion for new trial. *See Glaze v. State,* 675 S.W.2d 768, 769-70 (Tex. Crim. App. 1984) (holding that neither court of appeals nor court of criminal appeals has jurisdiction to consider merits of case unless there is final conviction from which to appeal); *Waller v. State*, 931 S.W.2d 640, 643-44 (Tex. App.—Dallas 1996, no pet.) (determining that appellate court had no jurisdiction to review appeal because trial court's granting of motion for new trial left no sentence to be

appealed); *see also Gallup v. State*, No. 03-11-00683-CR, 2012 WL 5192814, at *1 (Tex. App.—Austin Oct. 19, 2012, no pet.) (mem. op., not designated for publication) (dismissing appeal as moot after trial court granted motion for new trial).  Accordingly, we dismiss this appeal for want of jurisdiction.

                                               _____

                                               Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   July 19, 2019

Do Not Publish