# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00933-CR

**Arthur Guilbault, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2017CR1006, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Arthur Guilbault filed his notice of appeal on December 19, 2019. Eleven days later, Guilbault filed a motion for new trial. *See* Tex. R. App. P. 21.4. The district court granted the motion for new trial on January 8, 2020. *See id*. R. 22.4.

Granting a new trial restores the case to its position before the former trial. *Id*. R. 21.9(b); *see also id*. R. 22.6(a) ("If judgment is arrested the defendant is restored to the position that he or she had before the indictment or information was presented."). We lack jurisdiction to consider the merits of an appeal after the grant of a motion for new trial. *See Glaze v. State*, 675 S.W.2d 768, 769-70 (Tex. Crim. App. 1984) (concluding that neither Court of Criminal Appeals nor court of appeals had jurisdiction over appeal because there was no final conviction); *Waller v. State*, 931 S.W.2d 640, 643-44 (Tex. App.—Dallas 1996, no pet.) (concluding that reviewing court lacked jurisdiction to consider appeal after trial court granted motion for new trial because

there was no sentence to be appealed); *see also State v. Baeza*, Nos. 03-18-00579-CR, 03-18-00580-CR, 03-18-00581-CR, 2018 Tex. App. LEXIS 7961, at *1-2 (Tex. App.—Austin Oct. 2, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeals for want of jurisdiction after trial court granted motion for new trial).

Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed:   January 23, 2020

Do Not Publish